■ In the Matter of the Claim of ROBERT PAPILE, Respondent, v. SOUTH-WEST ORNAMENTAL IRON WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant fell off a platform ladder at Idlewild Airport on September 29, 1958 and landed on his right side and upper back. The issue on appeal is whether there is any residual injury to the back from February 26, 1960 to April 20, 1961 for which period an award of 50% partial disability has been made by the board. Appellants argue that there is no evidence of disability of a continuing nature resulting from the injury after February 26, 1960; and they contend that although there may be proof justifying a schedule award for the upper right extremity, the record does not justify an award for partial disability based on a back condition. But claimant testified that he fell on the right side of his upper back; the attending physician reported on September 28, 1959, a year after the accident, that claimant had pain radiating to the dorsal spine. This physician testified on August 31, 1960, during the period here in dispute, that " He is still partially disabled " and that the " pain of the shoulder and the trapezius area of the upper back, radiating pain to the dorsal spine " is " just about the same ". Hence there is adequate evidence of an injury to the back causing partial disability in the period for which the award was made. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of ALEXANDER KMETH, Doing Business as KMETH LONG ISLAND DELIVERY SERVICE, Petitioner, v. JAMES A. LUNDY et al., Constituting the Public Service Commission of the State of New York, Respondents.— This is a proceeding under article 78 of the Civil Practice Act to review and annul a determination of the Public Service Commission which revoked the portion of petitioner's certificate of public convenience and necessity as a common carrier of general commodities from New York City to the Counties of Putnam, Rockland and Westchester. Petitioner's authority also encompassed a transportation service from New York City easterly to the Counties of Nassau and Suffolk on Long Island. Respondent commission found that petitioner had failed to perform his duty as a common carrier from New York City to the up-State area in accordance with the Public Service Law and the terms of his certificate and had violated the rules of the commission governing the leasing and interchange of vehicles by motor carriers. Its findings are supported by substantial evidence. (*Matter of M. O. R. T. Motor Lines* v. *Feinberg,* 280 App. Div. 1016, motions for leave to appeal denied 281 App. Div. 786, 305 N. Y. 931.) Petitioner does not seriously contend to the contrary. Principally he urges that excessive punishment was imposed. The revocation was well within the discretionary power of the commission and seems to us not to be so disproportionate to the violations found as to shock our sense of fairness. Determination unanimously confirmed, without costs. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.